**Balwinder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73438.
Agency No. A73–414–097.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided Feb. 26, 2004.

George T. Heridis, Plastiras & Wilson, Earle A. Sylva, Rohit K. Dharwadkar, Rai and Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret K. Taylor, James E. Grimes, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

**106**

## MEMORANDUM *

Balwinder Kaur, a native and citizen of India, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). On appeal Kaur contends that the Immigration Judge's ("IJ's") credibility determination and his decision that she did not meet the eligibility requirements for asylum or withholding are not supported by substantial evidence. We hold that the IJ's adverse credibility determination is supported by substantial evidence and deny the petition for review.

## I

We review adverse credibility determinations under the highly deferential substantial evidence standard. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). "An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a 'specific, cogent reason' for the disbelief." *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir.1992) (quoting *Turcios v. INS*, 821 F.2d 1396, 1399 (9th Cir.1987)). We have refused to overturn an adverse credibility determination where the inconsistencies identified by the IJ or BIA go to the heart of the asylum claim. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000).

Here the IJ offered specific, cogent reasons for doubting Kaur's credibility. Although Kaur claimed that she had heard nothing from her brother since he fled in 1995, she produced a document sent to her from India for his treatment in March 1997. Kaur offered no explanation for the document other than her assertion that it had been sent by her father. In addition, the IJ identified inconsistencies in her testimony regarding her brother's last arrest and what she told police when they came

to her house in search of her brother. These inconsistencies go to the heart of Kaur's asylum claim, which was based on imputed political opinion for her brother's political activities. Substantial evidence therefore supports the IJ's adverse credibility finding. Accordingly, Kaur failed to establish eligibility for asylum or witholding of deportation. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001).

## PETITION FOR REVIEW DENIED

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.