**Abeysekera Gamaarchchige ANURA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73482.

Agency No. A75–686–604.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided March 23, 2004.

Howard R. Davis, Esq., Van Nuys, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Daniel D. McClain, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN and KLEINFELD, Circuit Judges, and WHITE,* District Judge.

MEMORANDUM **

Abeysekera Gamaarchchige Anura ("Anura"), a native and citizen of Sri Lanka, petitions for review from the decision of the Board of Immigration Appeals ("BIA") which summarily affirmed without opinion the denial by the Immigration Judge ("IJ") of petitioner's application for asylum and withholding of removal and claim under

---

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a) and review the decision of the IJ. *See* 8 C.F.R. § 1003.1(a)(7); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003). We review the IJ's adverse credibility determination for substantial evidence and will uphold the findings unless the evidence presented would compel a reasonable finder of fact to reach the contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ must articulate a legitimate basis to question the applicant's credibility and must offer specific and cogent reasons for any stated disbelief. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). We deny the petition.

The IJ's credibility determination, based on inconsistencies regarding significant elements of Anura's testimony and the documents submitted, is supported by substantial evidence. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies in the alien's statements must go to the heart of the asylum claim to justify an adverse credibility finding).

The IJ found that there were serious discrepancies in the testimony and documents submitted relating to the only basis for a claim of persecution. The IJ found that Anura's failure to mention the significant details of an alleged assault in August 1998, including the use of a knife, in his application for asylum as well as his wife's omission of any knife assault in her report to the police was contrary to Anura's testimony before the IJ. Anura did not mention the assault during his original visa interview and his own police report following the incident does not mention that the assailants brandished a knife. In addition, the IJ found Anura's wife's statement that her husband left Sri Lanka for employment abroad inconsistent with his testimony that he fled the country to escape persecution. Lastly, the IJ found that the timing of the wife's complaints, three months after the alleged threatening calls, as well as the timing of Anura's application for asylum and generation of documents mere weeks before the deadline, appeared to be the creation of evidence rather than the credible recitation of events. The record does not compel the opposite conclusion. *See, e.g., Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000).

Further, the IJ found that even if Anura had been credible in his account of the alleged threatening incidents, they would not have amounted to past persecution. Threats standing alone "constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that alien who had received numerous death threats and whose colleagues were murdered by the military had not proven past persecution).

The IJ also reasonably discounted Anura's testimony that he had an objective fear of future persecution. Because the evidence does not compel a finding that Anura established his eligibility for asylum with credible evidence, Anura's claims for asylum, withholding of removal and protection under the Convention Against Torture similarly fail.

Petition DENIED.