**Mamadou D. GUELADIO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3906.

United States Court of Appeals, Sixth Circuit.

June 15, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Richard M. Evans, Patricia L. Buchanan, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GILMAN and COOK, Circuit Judges; and CLELAND, District Judge.*

## ORDER

Mamadou D. Gueladio, an alien currently residing in Ohio, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his requests for asylum, withholding of removal, relief under the United Nations Convention Against Torture, and voluntary departure. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Gueladio entered the United States in 1996 without a visa, and was placed in removal proceedings. He applied for the relief set forth above. A hearing was held before an immigration judge (IJ), at the conclusion of which all relief was denied. Gueladio appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision without opinion.

In his brief, Gueladio argues that the BIA erred in affirming the IJ's decision without opinion. He also argues the merits of the denial of his asylum application, contending that the IJ erred in finding his testimony incredible, and in concluding that, even if Gueladio's testimony were believed, conditions in Mauritania have changed to the extent that he need no longer fear persecution if he returns there.

Initially, we note that this case was held in abeyance pending this court's decision in *Denko v. INS*, 351 F.3d 717 (6th Cir. 2003). For the reasons stated in that opinon, Gueladio's objection to the BIA's affirmance of the IJ's decision without opinion is without merit. *Id.* at 731–32.

On the merits of Gueladio's claims, we review a denial of asylum under a substantial evidence standard. *Lwin v. INS*, 144 F.3d 505, 508 (7th Cir.1998). Upon consideration, we conclude that substantial evidence supports the denial of asylum in this case.

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

Gueladio first argues that the IJ erred in finding his testimony incredible. The IJ found that Gueladio had submitted a fake birth certificate to establish his claim of being a citizen of Mauritania. The birth certificate indicated that Gueladio was born in 1937, while Gueladio testified that he was born in 1973. The IJ ruled out a scrivener's error transposing the numbers, because the certificate stated that it was issued in 1969. The submission of this fraudulent document for the purpose of establishing an essential element of the asylum claim supported a finding of lack of credibility. *Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999). Moreover, the IJ noted several other specific reasons for his adverse credibility finding, which is therefore entitled to highly deferential review. *Balasubramanrim v. INS*, 143 F.3d 157, 162 (3d Cir.1998). For example, although Gueladio stated that he spoke only Fulani, the IJ overheard him speaking French with his attorney. There were also large discrepancies between Gueladio's two applications and his testimony at the hearing that were sufficient to support the IJ's credibility finding. *Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000). The first application stated that Gueladio was arrested in 1993, while the second application and his testimony indicated the arrest occurred in 1990. The first application also repeated the claim of a 1937 birth date. For all of the above reasons, the IJ's conclusion that Gueladio was not credible is supported by substantial evidence, and was an adequate basis for denying his application for asylum.

However, the IJ went further and found that, even if Gueladio had presented credible testimony, he would not be entitled to asylum because conditions in Mauritania have changed to the extent that he need no longer fear persecution there. Essentially, Gueladio claimed that he had been arrested in 1990 on the basis of his race, impris-

oned for a year under terrible conditions, and when released, directed to leave the country and never return. This was the fate of tens of thousands of Mauritanians during the period from 1989 to 1991. However, the record contains State Department reports and a letter from the United States Ambassador to Mauritania which indicate that it is now safe for refugees from that period to return to Mauritania without fear of persecution. Substantial evidence therefore also supports the IJ's alternative reasoning that changed country conditions indicate that Gueladio need not fear persecution in Mauritania. *Ouda v. INS*, 324 F.3d 445, 452 (6th Cir. 2003); *Woldemeskel v. INS*, 257 F.3d 1185, 1189 (10th Cir.2001).

For all of the above reasons, the petition for review is denied.