**Jatinder Pal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74325.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

Randhir S. Kang, Esq., Fremont, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Linda S. Wernery, Esq., Rene L. Rocque, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jatinder Pal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we deny the petition for review.

Singh testified that he had been arrested on April 20, 1997, and held for a month. Singh was very sure he was detained by the police for one month, but the doctor's note Singh submitted indicated he was treated by the doctor on April 25, 1997. Singh had no explanation as to that discrepancy. The IJ's finding was based on this discrepancy between Singh's testimony and his documentary evidence and the failure to explain that discrepancy. There-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fore, substantial evidence supports the IJ's adverse credibility determination. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

Singh's contention that the BIA's opinion insufficiently articulated its reasons for denying relief is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**