**Hector Wilfredo CORNEL–ALDANA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70937.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**54**

Robert F. Jacobs, Esq., Law Offices of Robert F. Jacobs, PLC, Downey, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Hector Wilfredo Cornel–Aldana, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Cornel–Aldana was not credible because his testimony concerning the reasons his stepfather was killed were inconsistent with his asylum application. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Substantial evidence also supports the IJ's determination that Cornel–Aldana provided vague testimony regarding who authored the death threat against him and how he received it. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999). These grounds go to the heart of his asylum claim because they form the basis of his alleged persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir.2001).

Because Cornel–Aldana did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Cornel–Aldana's challenges to streamlining lack merit. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003) (holding that the BIA does not violate due process by issuing an affirmance without opinion); *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (declining to review the BIA's decision to streamline and applying *Falcon Carriche* principles in an asylum context).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.