**Sidi GUISSE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

**No. 02–3866.**

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

E. Dennis Muchnicki, Dublin, OH, for Petitioner.

Ernesto H. Molina, Anthony P. Nicastro, David V. Bernal, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

Sidi Guisse, an alien currently residing in Ohio, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his application for asylum, withholding of deportation, and voluntary departure. Counsel for Guisse did not respond to a request to show cause why oral argument would be necessary in this case, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A hearing was held before an immigration judge (IJ), at which Guisse testified that he was born in Mauritania in 1957. In 1989, his property was seized and he was arrested and imprisoned for six months, during which time he was beaten, all on the basis of his race. He was then forcibly expelled into Senegal, where he lived in a refugee camp until 1993, and then moved to the capital city of Dakkar, where he lived until 1996. A friend from the refugee camp then paid for Guisse's airfare to the United States, as well as that of an unknown traveling companion who handled a false passport for Guisse. Guisse stated that he was divorced and that he had custody of his two children, whom he left in the care of his friend in the refugee camp. He introduced a letter from his friend's son informing him of the death of his friend. The letter stated that Guisse's brother was no longer taking care of Guisse's children, who were reduced to begging for food. The IJ concluded that Guisse's story was not credible and not corroborated. Moreover, she found that Guisse would not be entitled to asylum because he had permanently resettled in Senegal. All the relief requested was denied. The Board of Immigration Appeals (BIA) affirmed the IJ's decision without opinion.

In his brief before this court, Guisse objects to the affirmance without opinion procedure utilized by the BIA, and argues that the IJ erred in finding his testimony incredible and in concluding that he had permanently resettled in Senegal. His arguments address only the denial of asylum, and not withholding or voluntary departure.

We must uphold a decision denying asylum relief unless the evidence of record would compel a reasonable factfinder to reach a contrary result. *Koliada v. INS,* 259 F.3d 482, 486 (6th Cir.2001). Upon consideration, we conclude that the record in this case does not meet this standard.

Initially, we note that this case was held in abeyance pending this court's decision in *Denko v. INS,* 351 F.3d 717 (6th Cir. 2003). For the reasons stated in that opinion, Guisse's objections to the BIA's affirmance in this case without issuing an opinion are without merit. *Id.* at 731–32.

Guisse argues that the IJ's finding that his testimony was not credible was based on speculation and conjecture and must be overturned, citing *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000). However, implausible testimony can be sufficient to support an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). In this case, Guisse offered no documentation of his identity or

---

\* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

origin. His story of how he came to be in this country was properly found unbelievable by the IJ. She noted that Guisse testified that a friend from the refugee camp apparently had the means to purchase false papers and airline tickets to the United States, and offered these to Guisse without his having requested them, while he and his son would remain in the refugee camp and take care of Guisse's children. Moreover, Guisse's testimony was contradicted by the little documentary evidence he submitted, thus providing another basis for an adverse credibility finding. *Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). The letter allegedly from Guisse's friend's son reported that Guisse's brother, not his friend, had been taking care of his children, and it gave a different name for Guisse's brother than Guisse had used. These implausibilities and contradictions, coupled with the complete lack of documentation of Guisse's identity, were a sufficient basis for finding Guisse's testimony incredible.

Guisse also argues that the IJ erred in concluding that he had permanently resettled in Senegal, thus rendering him ineligible for asylum. A finding of resettlement may be reversed only where it is manifestly contrary to the law and an abuse of discretion. *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir.2001). Guisse cites to *Abdille v. Ashcroft*, 242 F.3d 477, 485–86 (3d Cir. 2001), which interpreted the regulations at 8 C.F.R. § 208.15 as requiring a showing by the government that a third country had offered the alien permanent resident status or citizenship in order to establish permanent resettlement, and argues that no such showing was made in this case. This court agreed with the Third Circuit's interpretation of the regulation in an unpublished decision. *Garadah v. Ashcroft*, 86 Fed.Appx. 76, 81 (6th Cir.2004). Guisse testified that he had received a refugee card in Senegal. It is not clear whether the issuance of a refugee card equates with

a grant of asylum. Respondent also points to the 1998 State Department Country Report for Senegal, which reported that some Mauritanian refugees were integrating into Senegalese society. Although in the record, this report was not relied on by the IJ. The Ninth Circuit has held that the duration of an alien's residence in a third country may be enough to infer permanent resettlement. *Cheo v. INS*, 162 F.3d 1227, 1229 (9th Cir.1998). In this case, Guisse testified that he lived in Senegal for approximately seven years before coming to the United States. We conclude that it is not necessary to decide in this case whether permanent resettlement was established, because the denial of asylum may be affirmed on the alternate ground that Guisse's testimony was not credible.

Because the evidence would not compel a reasonable finder of fact to reach a contrary finding on Guisse's credibility, the petition for review is denied.