**Kirpal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74152.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.[*]

Decided Oct. 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

STE. B–6, Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Earle B. Wilson, Terri J. Scadron, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Kirpal Singh, a native and a citizen of India, petitions for review of a decision of the Board of Immigration Appeals, affirming without opinion the immigration judge's ("IJ") denial of asylum on the grounds that Singh lacked credibility. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Pursuant to 8 C.F.R. § 1003.1(e)(4)(ii) we review the IJ's decision as the final agency decision. We review the IJ's adverse credibility determination under a substantial evidence standard. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We deny Singh's petition.

Singh's claim for persecution rests on two events. First, he asserts that he accidentally stumbled into the ambush of a government official in 1997 and was consequently beaten and imprisoned. Second, he asserts that he was again beaten and imprisoned in 2000. Singh's testimony regarding the 1997 ambush was internally inconsistent. Although he claimed to be two meters from the target's vehicle and claimed to have personally known the target, he identified two different people as the target and was unable to explain the contradiction.

Singh's testimony regarding the 2000 imprisonment was inconsistent with his supporting affidavits. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (petitioner lacked credibility where there were "several contradictions between the documentary

** This disposition is not appropriate for publication and may not be cited to or by the

evidence she presented and her testimony at the hearing"). Singh testified that his father and fellow villagers secured Singh's release from the 2000 imprisonment with a bribe, whereas the father's affidavit stated that the head of the Akali Dal Mann party arranged for Singh's release. Given these two major discrepancies, and the other contradictions and omissions that the IJ cited, we cannot say that petitioner has demonstrated that "no reasonable factfinder could fail to find [that Singh was credible]." *Elias–Zacarias v. INS*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.