**Tian Hao LEI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71826.
Agency No. A75–302–094.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 8, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Steve Baughman, Catherine Y. Wong, Baughman & Wang, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Lyle Jentzer Fax, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

Tian Hao Lei (Lei) petitions for review of a per curiam decision of the Board of Immigration Appeals (BIA), which affirmed a decision of the Immigration Judge (IJ) denying Lei asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA conducted an independent review of the record and issued a reasoned decision affirming the IJ's factual findings. Thus, we review the BIA's decision as the final agency decision in the case. *See Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000).

We review the factual findings supporting the BIA's decision for substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 483–484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "[T]he [BIA's] administrative findings of fact are conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B); *see also Elias–Zacarias*, 502 U.S. at 483–484.

The BIA affirmed the IJ's finding that Lei's testimony was not credible. An IJ's adverse credibility determination is entitled to "considerable deference." *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994); *see also Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999) (describing review of IJ's and BIA's credibility findings as "extremely deferential"). Nevertheless, an adverse credibility determination must be based on "specific, cogent reason[s]" that "bear a legitimate nexus to the [adverse credibility] finding," *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996), and it will be upheld only if based on "serious inconsistencies in the applicant's testimony that go to the heart of his [asylum] application." *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (citing *Pal*, 204 F.3d at 938). Minor or trivial inconsistencies that "reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Osorio*, 99 F.3d at 931 (citation and internal quotation marks omitted); *see also Pal*, 204 F.3d at 938.

In this case, the IJ based her adverse credibility finding on several discrepancies between Lei's testimony, his asylum interview, and the documentary evidence submitted in support of Lei's application. The most significant revolves around the length of time Lei was imprisoned. In his oral testimony and in his written affidavit in support of his application, Lei stated that he was imprisoned for eight months, from March to November 1993. However, Lei submitted a letter from the Public Security Bureau of Guang Men stating that Lei had been detained on March 3, 1993 but was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

allowed to be released on March 6, 1993, the date of the letter. Lei offered no meaningful explanation for this discrepancy.

The IJ also pointed to a major inconsistency regarding the duration of Lei's employment at the restaurant where he attempted to organize a union. While he stated in his asylum application that he worked at that restaurant until 1995, Lei testified at his removal hearing that he worked there only until 1993. When prompted on cross examination to explain the discrepancy, Lei testified that he worked full-time until 1993, but worked only on a part-time, unofficial basis between 1993 and 1995. Lei had no explanation for how he could have continued working for the employer he had antagonized through accusations of bribery and labor law violations, while simultaneously hiding from the police who were searching for him.

These discrepancies go to the heart of Lei's asylum claim because "they relate to the basis for [Lei's] alleged fear of persecution." *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). If Lei was imprisoned for only three days, rather than the eight months to which he testified, his claims of torture in prison are significantly undermined. *See Alvarez–Santos,* 332 F.3d at 1249 (upholding an adverse credibility determination based on a "pivotal" omission from an asylum application, accompanied by an unreasonable explanation for the omission). Lei's failure to explain how he could simultaneously continue, after 1993, to work at the restaurant where he had agitated for a labor union and avoid the local police who sought to arrest him, casts doubt on Lei's contention that the police will apprehend and harm him if he is forced to return to China.

Lei attacks the IJ's speculation that the reason Lei was arrested may have been legitimate as an impermissible basis for an adverse credibility finding under *Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000). Lei also focuses on the IJ's erroneous conclusion that the August 6, 1994 arrest warrant did not contain Lei's name. However, even granting that Lei's position on these two findings is correct, Lei has not pointed to any evidence in the record that would compel a reasonable adjudicator to conclude that the IJ's adverse credibility finding must be set aside.

Without credible testimony, Lei did not sustain his burden of demonstrating past persecution or a well-founded fear of persecution on account of one of the statutorily enumerated grounds, in order to qualify for asylum. His lack of credible testimony also prevented him from establishing eligibility for withholding of removal or for protection under the CAT because he failed to show that it was more probable than not that he would be subject either to persecution or to torture if returned to China. *See Singh–Kaur,* 183 F.3d at 1149; 8 C.F.R. § 208.16(c)(2).

PETITION DENIED.