Badal Hossain KHAN, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70270.

INS No. A70–784–657.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided June 27, 2001.

Before WARDLAW, PAEZ, and
TALLMAN, Circuit Judges.

MEMORANDUM *

Badal Hossain Khan appeals the Board
of Immigration Appeals' (BIA) denial of
his request for asylum and withholding of
deportation. We have jurisdiction under 8
U.S.C. § 1105a(a) (1994). The BIA
adopted the Immigration Judge's (IJ) ad-
verse credibility determination, so we look
through the BIA's decision and review the
IJ's decision for substantial evidence. *See
Singh–Kaur v. INS,* 183 F.3d 1147, 1150
(9th Cir.1999).

Khan contends that: (1) the IJ violated
his due process rights by "play[ing] the
role of the INS Trial Attorney" and not
ordering a country conditions report; (2)
the IJ made an adverse credibility deter-
mination without substantial evidence; and
(3) he has a well-founded fear of persecu-
tion in Bangladesh. We address each is-
sue as follows:

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
9th Cir. R. 36–3.

(1) We lack jurisdiction to consider Khan's due process arguments because he did not raise the issue with the BIA. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994) (concluding the exhaustion requirement applies to due process claims that were correctable by the BIA).

(2) We vacate the IJ's adverse credibility determination, however, because substantial evidence does not support the bases for that ruling. On remand should the IJ again find Khan's testimony not credible, he must articulate with greater specificity the inconsistencies in Khan's testimony and explain how those inconsistencies go to the heart of Khan's asylum application. *See Garrovillas v. INS,* 156 F.3d 1010, 1016 (9th Cir.1998); *see also Shah v. INS,* 220 F.3d 1062, 1067–68 (9th Cir.2000) ("[I]f discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, [they] have no bearing on credibility."); *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000); *Osorio v. INS,* 99 F.3d 928, 931–33 (9th Cir.1996) ("[The Immigration Judge] must address in a reasoned manner the explanations that [the petitioner] offers for these perceived inconsistencies.").

(3) Further, the IJ should take evidence on whether Khan was assaulted on account of his political opinion, *see INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and whether changed country conditions following a shift in political power in Bangladesh would rebut a presumption of future persecution.

REVERSED and REMANDED.