**Milton Manuel Reyes RODAS,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 01–70206.
INS No. A76–673–325.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2001.*

Decided Dec. 28, 2001.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM **

Milton Manuel Reyes Rodas petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") determination that he was not eligible for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We review the BIA's factual determination that an applicant has not proven eligibility for asylum under the substantial evidence standard. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). The substantial evidence standard is extremely deferential; we will affirm the BIA's denial unless the applicant's evidence compels a contrary result. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090–91 (9th Cir. 2000). Where the BIA adopts the IJ's decision as its own, this court will treat the IJ's statement of reasons as the BIA's and review the IJ's decision. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir.1996).

In the present case, the IJ found that Rodas's testimony was entitled to "full evidentiary weight." However, even giving his testimony full weight, he failed to establish that he suffered past persecution because of his political opinions or that he had a well-founded fear of future persecution.

■ This court has stated that threats alone "constitute past persecution in only a small category of cases" where "the threats are so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)). Here, Rodas testified that in 1986, while attending school, he and another student received a threatening note. Rodas also testified that in 1989 men with guns came to his motel and asked about him. These incidents were not so menacing as to constitute past persecution. The IJ's finding that Rodas did not suffer past persecution is supported by substantial evidence.

To establish a well-founded fear of future persecution based on his political opinions, Rodas had to prove that he had a genuine subjective fear and that it was objectively reasonable. *See Chen v. INS*, 266 F.3d 1094, 1099 (9th Cir.2001). Rodas's testimony that he was afraid to return to Guatemala because he believed he would still be sought by government "death squads" satisfied the subjective component. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). However, Rodas did not present the credible, direct, and specific evidence necessary to satisfy the objective component. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001).

■ Rodas testified that he believed the situation in Guatemala was the same as it was when he left in 1989. His belief was based on what he saw on the news and the fact that his parents told him things were still bad. This is not direct and specific evidence that his subjective fear is objectively reasonable. Further, the Immigration and Naturalization Service introduced objective evidence indicating that conditions in Guatemala had improved since the signing of the peace accords in 1996. According to U.S. State Department reports, the remaining incidents of political violence are focused primarily upon media officials, high profile human rights activities, and political party leaders. As noted by the IJ, "[i]t is difficult to believe that for his involvement in a student group of ten members more than ten years ago that [Rodas] would be targeted by death squads in Guatemala at the present time." The IJ's finding that Rodas did not have a well-founded fear of future persecution is supported by substantial evidence.

Because Rodas failed to meet the standard for asylum, he necessarily failed to meet the higher standard for withholding of removal. *Cf. Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995) (stating that failure to prove eligibility for asylum necessarily constitutes failure to prove eligibility for withholding of removal). The IJ and the BIA correctly ruled that Rodas was not eligible for asylum or withholding of removal.

On the basis of the foregoing, we DENY Rodas's petition for review of the BIA's decision.