**Hector Antonio HERNANDEZ–PEREZ, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71545.
INS No. A70–812–338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Jan. 13, 2003.

Before CANBY, GOULD and BERZON, Circuit Judges.

### MEMORANDUM *

Hector Antonio Hernandez–Perez filed an application for asylum. An Immigration Judge ("IJ") denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture, but granted petitioner voluntary departure. The IJ emphasized that Mr. Hernandez–Perez "was not harmed [and] was not even threatened while he was [in Guatemala]," but noted that if a well-founded fear of persecution had been established, "I would have granted his application as a matter of discretion."

The BIA affirmed the IJ in all respects. As the parties are familiar with the facts, we discuss only those necessary to our analysis.

### I

We agree with the BIA's conclusions on Mr. Hernandez–Perez's past persecution claim. *See* 8 C.F.R. 208.13(b)(1). Petitioner has not shown that he was persecuted. Unlike his murdered brother and missing father, Mr. Hernandez–Perez was not in the Guatemalan civil patrol and was never harmed. He testified that he never "personally" was threatened by the military. In these circumstances, we find no past persecution, defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998).

### II

1. The BIA's factual findings are reviewed under the substantial evidence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

standard. *Pal v. INS*, 204 F.3d 935, 937 n. 2 (9th Cir.2000). We find no substantial evidence to uphold the BIA's conclusion that the record does not "support[ ] the assertion that the respondent's father and brother's political opinion, or membership in the civil patrol, was, or will be, imputed to the respondent."

Excepting petitioner's claim on his asylum application that the military was pursuing him when he fled Guatemala, the IJ found his "entire testimony ... credible." The IJ's credibility finding explicitly encompassed the reliability of the information contained in Mr. Hernandez–Perez's asylum application, except for the one statement just noted.

We consider as true, therefore, petitioner's specific statements in the application that he (not only his family) was accused by the Guatemalan government of being "against" it. Corroboration for this accusation was provided in written form by a neighbor, credited by the IJ as "a percipient witness to the events that the respondent claimed happened." The neighbor's letter states that Mr. Hernandez–Perez was "accused of ... being against the government." Combined with petitioner's asylum application, the neighbor's letter makes it "likely that the persecutors ... attribute[d] the political views of others to [Mr. Hernandez–Perez]." *Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997); *see also id.* ("We have ... found imputed political opinion where the applicant is a member of a large, politically active family many of whom have already been persecuted for their political beliefs. *Ramirez Rivas v. INS*, 899 F.2d 864, 865–66 (9th Cir.1990)). The BIA's conclusion that Mr. Hernandez–Perez did not prove that the government had imputed to petitioner political beliefs adverse to the government is simply inconsistent with the record, as credited by the IJ.

2. Mr. Hernandez–Perez may, in addition, meet the other statutory requirements for showing a well-founded fear of persecution. An asylum applicant's well-founded fear of persecution must be both subjectively genuine and objectively reasonable to qualify for asylum. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). It appears that Mr. Hernandez–Perez satisfied the subjective component through credited testimony; the INS does not claim otherwise.

As to the objective component, we have held that "an individual applicant may be eligible for asylum, even in the absence of direct persecution against her personally, if she is able to demonstrate a well-founded fear of persecution based on acts of violence against her friends or family members." *Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir.1999); *see also Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) ("acts of violence against a petitioner's friends or family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner herself"); *Rodriguez v. INS*, 841 F.2d 865, 870–71 (9th Cir.1987) (finding a well-founded fear of future persecution where six of the petitioner's family members were killed by "the Salvadoran guerrillas in retaliation against her family's association with the government-supported rural militia").

Here, as the petitioner did in *Mgoian*, 184 F.3d at 1036, Mr. Hernandez–Perez "has shown much more than mere isolated violence" against his family. In 1990, Mr. Hernandez–Perez witnessed the annihilation of his immediate relatives on account of their political choices. His only sibling was a member of the government's civil patrol who was threatened by guerrillas and thus stopped his patrol duties. The military promptly took Mr. Hernandez–Perez's brother away to be tortured and

killed. Mr. Hernandez–Perez's father then ceased his own obligations to the civil patrol. The military took petitioner's father in retaliation. The night his father was detained, Mr. Hernandez–Perez was at his uncle's nearby residence and went into hiding after his uncle observed what happened. His *neighbor's subsequent* letter states that after petitioner's father was detained, "the soldiers were looking all over for [Mr. Hernandez–Perez]." Three days later Mr. Hernandez–Perez left Guatemala.

In these circumstances, we find that the physical proximity of Mr. Hernandez–Perez to these politically-motivated events affecting his close family members brings this case within the bounds of our "fear of persecution" jurisprudence. *Compare Arriaga–Barrientos,* 937 F.2d at 415 ("The abduction of two geographically distant brothers by unknown gunmen for unknown reasons does not establish a well-founded fear.").

The IJ and the BIA failed to take the neighbor's letter into account as to reasons for a well-founded fear that Mr. Hernandez–Perez might be singled out for future persecution. They also did not accord legal significance to the harms suffered by Mr. Hernandez–Perez's family. The question whether petitioner's fear of persecution is well-founded must therefore be reevaluated on remand. *See INS v. Ventura,* —— U.S. ——, ——, 123 S.Ct. 353, 356, 154 L.Ed.2d 272 (2002).

### III

We express no opinion, however, as to whether Mr. Hernandez–Perez has established asylum eligibility under 8 C.F.R. § 208.13(b)(2). Along with the objectively-based fear of persecution on an enumerated ground that we hold he has shown, two other requirements are necessary to establish a *well-founded* fear of persecution: first, "a reasonable possibility of suffering such persecution if he . . . were to return to [Gutatemala]" and, second, that he be "unable or unwilling to return to or avail himself . . . of the protection of that country because of such fear." *See id.*

As to these questions, changes in country conditions will be relevant. The IJ did take changed country conditions into account. He recognized that some persecution was still taking place, yet he failed properly to consider the other evidence supporting Mr. Hernandez–Perez's well-founded fear of persecution on an enumerated ground. The pertinence of the *changed country* conditions must be considered anew, in light of the relevant evidence as a whole.

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND the case to the BIA to reconsider in light of this disposition Mr. Hernandez–Perez's asylum claim, as well as its decisions on his application for withholding of removal and Convention Against Torture claim.