**Manav ARORA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74342.

Agency No. A75–661–205.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2004.

Decided April 21, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Jamie M. Dowd, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before MAGILL,* TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Manav Arora, a native and citizen of the Philippines, petitions for review of a final order of deportation by the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the Immigration Judge ("IJ"), who denied Arora's application for asylum and withholding of deportation. The IJ found that Arora was not credible and concluded that he had not carried his burden of establishing eligibility for asylum and deportation of withholding. We have jurisdiction pursuant to 8 U.S.C. § 1252. We affirm.

Arora bears the burden of establishing his eligibility for asylum. *Ghaly v. INS,* 58 F.3d 1425, 1428 (9th Cir.1995). We review credibility findings under the substantial evidence standard. *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Because the BIA adopted the IJ's decision and reasoning, we review the IJ's ruling. *Arulampalam v. Ashcroft,* 353 F.3d 679, 680 (9th Cir. 2003). The IJ's decision must be affirmed, unless a reasonable adjudicator would be compelled to conclude that the credibility finding is not supported by substantial evidence. *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001).

The IJ found that Arora's testimony was not credible based on the implausibility of much of his testimony and several contradictions that existed between the documentary evidence he submitted and his testimony at the hearing. Substantial evidence supports this finding. Most strikingly, though he testified that he had been kidnapped by militants, Arora could not remember whether he had been taken from his home or from the store where he worked. With respect to the same incident, Arora asserted in his declaration attached to his asylum application that he had been tortured by the kidnappers, though he failed to mention being tortured at the hearing. The IJ also found it implausible that the militants would target Arora, and not his father, who was the owner of the newspaper establishments that Arora claims the militants were trying to influence. Other inconsistencies in the record include the length of his mother's alleged hospitalization and the motivation behind his alleged kidnapping. In sum, given the inconsistencies in Arora's testimony and the incredibility of parts of his story, the IJ's credibility determination is supported by the record.

**PETITION DENIED.**

---

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.