**Karnail SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73660.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Karnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's and IJ's decision. Singh's testimony demonstrated a lack of knowledge regarding the political beliefs of his party, and lacked specificity regarding the Sikh doctrine. *See id.; Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Moreover, Singh's testimony conflicted with his documentary evidence regarding what party he

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

belonged to, where and when he was taken into custody, and how he was released. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Finally, substantial evidence supports the adverse credibility finding based on Singh's failure to properly identify himself. *See Singh–Kaur,* 183 F.3d at 1152–53; *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity . . .").

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc).

As Singh "points to no other evidence that he could claim the BIA should have considered in making its determination under the Convention Against Torture," his CAT claim must fail along with his asylum claim. *See Farah,* 348 F.3d at 1157.

Singh's request for a remand because the record was not adequately translated is rejected because we cannot conclude "that a better translation would have made any difference in the hearing's outcome." *See Singh,* 367 F.3d at 1144.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.