Sarabjit KAUR, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 04-70535.

Agency No. A77-374-923.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Sarabjit Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision, summarily affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT").

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the IJ's decisions. Kaur's testimony was vague, implausible, unresponsive, and lacked sufficient detail. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). Moreover, Kaur's testimony conflicted with her supporting documentation regarding whether or not her father-in-law was alive, whether she supported the Shiromani Akali Dal Mann, and whether she was raped. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

Because Kaur failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

As Kaur points to no other evidence that she could claim the IJ should have considered in making a determination under CAT, her CAT claim must fail along with her asylum claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

PETITION FOR REVIEW DENIED.