**Devinder Pal KAUR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–73626.
Agency No. A76–842–222.

United States Court of Appeals, Ninth Circuit.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted April 4, 2005.**

Decided April 7, 2005.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Minick, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

### MEMORANDUM ***

Devinder Pal Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's decision. Kaur's testimony conflicted with documentary evidence indicating she entered the United States on a previous occasion, before her arrests and beatings in India allegedly occurred. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Substantial evidence also supports the BIA's conclusion that Kaur gave false testimony and filed a frivolous asylum application. *Cf. Farah v. Ashcroft*, 348 F.3d 1153, 1157–58 (9th Cir.2003) (citing 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20).

Because Kaur failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

As Kaur "points to no other evidence that [s]he could claim the BIA should have considered in making its determination under the Convention Against Torture," her

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

CAT claim must fail along with her asylum claim. *See Farah*, 348 F.3d at 1157.

PETITION FOR REVIEW DENIED.