**Paramjit KAUR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney
General, Respondent.**

**No. 03–71535.**

**Agency No. A73–571–462.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 13, 2005.

Randhir S. Kang, Law Office of Randhir
S. Kang, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Allen W. Hausman, Attorney, Andrew M.
Eschen, U.S. Department of Justice, Civil
Div./Office of Immigration Lit., Washington, DC, for Respondent.

MEMORANDUM\*\*\*

Paramjit Kaur, a native and citizen of
India, petitions for review of the decision
of the Board of Immigration Appeals
("BIA") summarily affirming an Immigration Judge's ("IJ") denial of her application
for asylum and withholding of deportation.
We have jurisdiction pursuant to 8 U.S.C.
§ 1105a(a). *See Kalaw v. INS,* 133 F.3d
1147, 1150 (9th Cir.1997). We review for
substantial evidence, *Lata v. INS,* 204
F.3d 1241, 1245 (9th Cir.2000), and we
deny the petition.

■ Substantial evidence supports the
IJ's decision. Kaur's testimony was vague
and conflicted with the documentation presented to the court. *See Pal v. INS,* 204
F.3d 935, 938 (9th Cir.2000); *Chebchoub v.
INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001)
(explaining that finding of even one dis-

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

crepancy is sufficient to support an adverse credibility finding as long as it goes to the "heart" of the asylum claim).

 Because Kaur did not testify credibly on matters significant and relevant to his asylum claim, she was properly found ineligible for asylum. *See Lata,* 204 F.3d at 1245; *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). It follows that she failed to establish eligibility for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts