**Kaka Singh SIDHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74601.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Manpreet Singh Gahra, Law Office of Manpreet Singh Gahra, Berkeley, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Harry R. Marshall, Jr., Office of International Affairs U.S. Dept. of Justice—Criminal Div., Anthony W. Norwood, Esq., U.S. Dept. of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Kaka Singh Sidhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have juris-

** This disposition is not appropriate for publication and is not precedent except as provid-

diction under 8 U.S.C. § 1252. We review for substantial evidence, *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000), and we deny the petition for review.

The IJ's adverse credibility finding is supported by substantial evidence, because Sidhu's account of his alleged persecution conflicted with documents he submitted in support of his claim, such as his wife's affidavits. *See id.* The credibility finding is further supported by the IJ's determination that the note from Sidhu's doctor was not an authentic corroborating document. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). In the absence of credible evidence, Sidhu has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

The IJ denied CAT relief on the ground that Sidhu was not credible and on the ground that the country report failed to establish that it is more likely than not that Sidhu would be tortured upon returning to India. The record does not compel a contrary finding. *See* 8 C.F.R. § 1208.16(c)(2); *Farah,* 348 F.3d at 1157.

We reject Sidhu's due process contention because it is belied by the record.

**PETITION FOR REVIEW DENIED.**