**Tseganesh Negash GBRESLASSIE; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73366.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed April 14, 2008.

Alexandru A. Cristea, Esq., Downey, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: HALL, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Petitioner Tseganesh Gbreslassie and her son, natives of Ethiopia, petition for review of the Board of Immigration Appeal's (BIA) final order of removal and denial of eligibility for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and deny the petition for review.

Because the BIA expressly adopted and affirmed the immigration judge's (IJ) entire decision, we review the IJ's decision as if it were that of the BIA. *Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc). The IJ's determinations that a petitioner is not eligible for asylum, withholding of removal and CAT relief are reviewed under the substantial evidence standard, and reversal is proper only if the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005). Adverse credibility findings are also reviewed for substantial evidence, though a credibility determination must be supported by "specific and cogent" reasons, and the inconsistencies in the petitioner's testimony must "go to the heart of the asylum claim." *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004) (citation and quotation omitted).

Gbreslassie argues that the IJ's adverse credibility finding is unsupported by substantial evidence, and therefore she is entitled to asylum and withholding of removal. We disagree. The immigration judge gave "specific and cogent" reasons for her adverse credibility finding based on numerous inconsistencies between Gbreslassie's two written asylum applications and her oral testimony before the asylum officer and the immigration judge. The inconsistencies in Gbreslassie's testimony were not minor, but rather went "to the heart" of her asylum claim. The conflicts revolved around Gbreslassie's alleged incarceration (her only incident of persecution), her husband's alleged incarceration, her membership in political groups, and her reasons for leaving Ethiopia and coming to the United States. *See, e.g., Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004); *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir. 2001); *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

Because Gbreslassie's testimony was properly discredited, and because she offered no other evidence in support of her application, substantial evidence supports the IJ's finding that she was ineligible for asylum and withholding of removal. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254–55 (9th Cir.2003).

Gbreslassie also appeals the IJ's denial of her CAT claim, and couches this argument in terms of the IJ's failure to make a "de novo" determination of her CAT claim. This contention fails because the IJ need not make a "de novo" CAT determination when it has found the petitioner not credible in the asylum context. *Almaghzar v. Gonzales,* 457 F.3d 915, 921–23 (9th Cir. 2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1839, 167 L.Ed.2d 323 (2007). To the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

extent that Gbreslassie's brief can be read as arguing that the IJ's CAT finding is unsupported by substantial evidence, that claim fails as well. The only evidence supporting Gbreslassie's CAT claim is her testimony and country conditions reports from Ethiopia. Gbreslassie's testimony has been discredited, and the country conditions reports do not compel the conclusion that Gbreslassie would be tortured upon her return to Ethiopia. *Id.* at 923.

**PETITION FOR REVIEW DENIED.**