**Mohammed Edy SAFIL, Petitioner,**

v.

**Eric·H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74406.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Mohammed Edy Safil, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The record does not compel the conclusion that Safil has established extraordinary circumstances that excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 208.4(a)(5); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's adverse credibility determination because the discrepancy between Safil's testimony and his psychologist's evaluation regarding whether he had been exiled to a small village and abused daily, is a material inconsistency that goes to the heart of his claim. *See Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000); *Li*, 378 F.3d at 962 (adverse credibility determination is supported where at least one of the identified grounds is supported by substantial evidence and goes to the heart of the claim).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In the absence of credible testimony, Safil has failed to establish that he is eligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Safil's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to Indonesia, his CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.