**NOT FOR PUBLICATION**

JAN 19 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELINE MAMAH FORCHA, | No. 07-70123 |
| Petitioner, | Agency No. A096-289-115 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Angeline Mamah Forcha, a native and citizen of Cameroon, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the IJ's finding that Forcha is not credible based on the inconsistency between her testimony and her asylum application regarding whether she left the house while she was in hiding. *See id.* at 1043 (inconsistencies in testimony about events leading up to departure supported adverse credibility determination). Substantial evidence also supports the IJ's finding that Forcha is not credible because her testimony regarding the location of her April 1997 detention was inconsistent with the letter from her pastor. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (inconsistencies between testimony and documentary evidence support an adverse credibility finding). The IJ reasonably rejected her explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Forcha's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Forcha's CAT claim is based on the same evidence that the agency found not credible, and she points to no other evidence showing it is more likely

than not she would be tortured if she returns to Cameroon, Forcha's CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**