**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SENG HONG LIM, | No. 10-70103 |
| Petitioner, | Agency No. A095-296-390 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and REINHARDT and CLIFTON, Circuit
Judges.

Seng Hong Lim, a native and citizen of Cambodia, petitions for review of

the BIA's order affirming the IJ's adverse credibility finding and corresponding

denial of asylum, withholding of removal, and relief under the Convention Against

Torture. We deny the petition.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the BIA's decision affirming an adverse credibility determination for substantial evidence. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). "The court must uphold the BIA's findings unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999) (emphasis in original). This is a pre-REAL ID Act case. *See Zamanov v. Holder*, 649 F.3d 969, 973 n.2 (9th Cir. 2011).

Here, numerous inconsistencies and implausibilities substantially support the adverse credibility finding. For example, Lim testified that he did not know about CFF's plans for violent revolution even though he had heard a rumor that CFF was going to liberate Cambodia through conflict, and he referred in his asylum application to documents related to CFF's "revolution to overthrow" the current government that were found in his home when it was searched by the authorities. Lim's argument that the terms "revolution" and "overthrow" do not necessarily connote violence in the context of this case is unavailing, as the IJ was permitted to find otherwise. *See Leon-Hernandez v. INS*, 926 F.2d 902, 904 (9th Cir. 1991) (explaining that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence") (citation and internal quotation marks omitted). In any case, the record is replete with other inconsistencies and implausibilities, which go

to the heart of his asylum petition, *i.e.*, his membership in CFF. Accordingly, the adverse credibility finding and denial of asylum must be upheld. *See Pal v. INS*, 204 F.3d 935, 938-40 (9th Cir. 2000).

Petitioner's withholding of removal and CAT claims rely on the same statements that the IJ found to lack credibility. The denial of these claims thus must also be upheld. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003) (explaining that a petitioner who fails to meet the less stringent standard for asylum necessarily also fails to meet the more stringent standard for withholding of removal); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (explaining that where a petitioner's CAT claims are based on the same statements as the asylum claim, "because we affirm the BIA's determination that [petitioner] and his witnesses were not credible, we must similarly affirm the rejection of [petitioner's] claim under the Convention Against Torture").

**PETITION DENIED**.