**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



AGUSTIN MENDOZA MENDOZA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

Nos. 12-70550, 12-72544

B.I.A. No. A099-338-194

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted July 8, 2015
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[**] District
Judge.

Agustin Mendoza Mendoza petitions for review of (1) the Board of

Immigration Appeals' (BIA) order dismissing his appeal from the immigration

judge's (IJ) denial of his application for asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Paul L. Friedman, District Judge for the U.S. District
Court for the District of Columbia, sitting by designation.

under the Convention Against Torture (CAT); and (2) the BIA's order denying his motion to reopen. We grant the petitions and remand to the BIA to reconsider Mendoza's credibility and his eligibility for asylum, withholding, and relief under CAT.

1.      Substantial evidence does not support the IJ's adverse credibility determination. Under the REAL ID Act, an IJ may base an adverse credibility determination on any relevant factor that reasonably may be said to bear on a petitioner's veracity. *See Shrestha v. Holder*, 590 F.3d 1034, 1040–41, 1043–44 (9th Cir. 2010). But "trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination," *id.* at 1044, and we have cautioned that our "analysis on review . . . should recognize that the normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case," *id.* at 1044–45.

The BIA upheld the IJ's finding that Mendoza testified inconsistently about whether his parents were perceived to be affiliated with the guerrillas during the Guatemalan civil war and why they were released from the church. Mendoza consistently testified that his parents provided food to the guerrillas and attended some guerrilla meetings but did not "actually go with them," though he was not

clear about whether his parents had thereby "joined" the guerrillas. He testified that he did not know why the soldiers did not set fire to the church, but speculated that it was because "other soldiers called to stop that," or because the soldiers selectively killed only those villagers whose names appeared on a list of accused guerrillas.

Significantly, Mendoza testified that he learned about these events from his parents when he was ten years old. In other words, he based his testimony at the hearing on what his parents had told him as a child fifteen years earlier about traumatic events that happened to them another fourteen years beforehand—*i.e.*, four years before Mendoza was born. We do not doubt that, as a general rule, inconsistencies in relating the details of hearsay statements may form the basis for an adverse credibility determination. In light of the attenuated chain of transmission between the events of 1982 in Todos Santos and Mendoza's testimony, however, any discernable inconsistencies in Mendoza's testimony about these events are so "manifestly trivial" as to "have no bearing on [his] veracity." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011); *cf. Lai v. Holder*, 773 F.3d 966, 973–74 (9th Cir. 2014) (omissions relating to events that happened only to third parties are less probative of credibility).

**2.**     The adverse credibility determination cannot be sustained on the ground that Mendoza inadequately disclosed, or testified inconsistently about, his alcohol use or criminal record. The BIA stated that "the [IJ] likewise properly relied on the respondent's failure to disclose his convictions for driving without a license and driving while under the influence of alcohol." But the IJ stated that she was "reluctant to find the respondent not credible based solely on this fact alone," and the BIA did not independently identify this ground as sufficient to support an adverse credibility determination. *Cf. Pal v. INS*, 204 F.3d 935, 938–39 (9th Cir. 2000). Although neither the IJ nor the BIA identified Mendoza's declaration or testimony regarding his alcohol use or criminal record as a freestanding basis for deeming him not credible, the administrative record nevertheless presents at least a "reasonable prospect" that the agency could do so. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009). We therefore remand to the BIA to reexamine Mendoza's credibility. *See id.* at 1095–96.

**3.**     The BIA initially held that even if Mendoza were credible, he would not have established past persecution. After the BIA's initial decision, our court decided *Mendoza-Pablo v. Holder*, 667 F.3d 1308 (9th Cir. 2012), which calls into question the correctness of the BIA's alternative holding. The BIA denied Mendoza's motion to reopen in light of *Mendoza-Pablo* solely on the ground that

he was not credible.  The government does not defend the BIA's alternative holding on appeal, and that holding cannot stand given our reversal of the IJ's adverse credibility determination.

**4.** Substantial evidence does not support the BIA's finding that Mendoza had "not presented individualized evidence related to his claim for protection under the Convention Against Torture."  Mendoza produced testimony that he would likely be beaten, soaked in a fountain, and imprisoned in a jail cell were he to return to Guatemala.  That is "individualized evidence," and it is "related" to the CAT claim.  Accordingly, we remand the CAT claim for reconsideration.  We express no view on the merits of the CAT claim, which the BIA must consider in the first instance. *INS v. Orlando Ventura*, 537 U.S. 12 (2002) (per curiam).

**PETITIONS GRANTED and REMANDED.**