Swaran SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71381.

Agency No. A75–252–493.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 3, 2005.

Hardeep S. Rai, George T. Heridis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Keith Bernstein, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM**

Swaran Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999), and we deny the petition for review.

Singh contends that he testified credibly, was subjected to past persecution in India, and has a well-founded fear of future persecution if returned. His contentions lack merit. Singh's testimony was internally inconsistent, and inconsistent with his application and supporting documents regarding the timing and details of significant events. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). These inconsistencies went to the heart of Singh's claim as they related to the circumstances surrounding the arrests, detention, and the extent of persecution he allegedly suffered on account of his political beliefs. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004). Without credible testimony, the record lacks evidence to support a determination that Singh suffered past persecution or has a well-founded fear of future persecution. *See Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997).

Because the IJ's adverse credibility determination is supported by substantial

evidence, Singh has also failed to show eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Singh's claims under the CAT are based on the same statements that the IJ determined to be not credible. Because we affirm the IJ's credibility determination, we must similarly affirm the rejection of Singh's claim under the CAT. *See Farah,* 348 F.3d at 1157.

The voluntary departure period is stayed pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.