**Ranjit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72543.
Agency No. A77–378–798.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

R.App. P. 34(a)(2).

Olumide K. Obayemi, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margaret J. Perry, Jennifer Lightbody, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM**

Ranjit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") decision denying Singh's application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(b). We review for substantial evidence, *Farah v. Ashcroft,* 348 F.3d

1153, 1156 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. Singh repeatedly testified that he worked on the Akali Dal Mann Party election boycott campaign for nine or ten months between March 1992 and December 1992, and that Beant Singh was elected as chief minister in the boycotted election in December 1992. The IJ took judicial notice that this election actually took place in February 1992. This inconsistency goes to the heart of Singh's claim because he testified that he was arrested and beaten as a result of his activities in support of the Akali Dal Mann Party. *See Pal v. INS,* 204 F.3d 935, 940 (9th Cir.2000) (holding that inconsistencies that go to the heart of asylum applicant's claim are substantial evidence for adverse credibility finding). Further, "[w]e give special deference to a credibility determination that is based on demeanor." *Singh-Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (internal quotation omitted). In addition, the IJ "offered specific, cogent reasons" to question Singh's identity, which is a "key element[ ]" of the asylum process. *Farah,* 348 F.3d at 1156.

In the absence of credible testimony, Singh failed to establish eligibility for asylum or withholding of removal. *See id.*

We lack jurisdiction to consider Singh's contention that the BIA improperly denied his motion to reopen because Singh did not petition for review of that decision. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.