**Baldev Singh GILL, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–73799.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Jan. 24, 2008.

Rawlinson, Circuit Judge, filed dissenting opinion.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Pardeep S. Grewal, Esq., Oakland, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul D. Tanaka, U.S. Department of Justice, Environment and National Resources Div., Washington, DC, for Respondent.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI,** Judge.

### MEMORANDUM ***

The evidence compels a finding that the IJ's adverse credibility determination was not based on substantial evidence.[1] Here, the IJ based his credibility determination on four factors: (1) the discrepancy between Gill's testimony and his father's affidavit about the political affiliation of Gill's two cousins, (2) the discrepancy over whether the photographs of Gill introduced were taken in California or Washington, (3) Gill's inability to identify who signed the All India Sikh Student Federation letter, and (4) Gill's inability to recall his father's exact age. Each of these reasons either inaccurately reflect the record or have no bearing on Gill's credibility.

The IJ claimed that Gill was silent when asked about the discrepancy between Gill's testimony and his father's affidavit regarding the political affiliation of Gill's two cousins. The record reflects that Gill actually stated that the discrepancy may have been due to clerical error, or that his cousins may have been a member of two parties, Akali Dal Mann and All India Sikh Student Federation, at the same time. The dissent incorrectly claims that Gill was "absolutely silent" when asked how often individuals are members of both organizations. Although he was asked about the frequency of dual membership, instead of being allowed to answer, he was interrupted by a question from the judge, "How old is your father?" Neither the judge nor the lawyers remembered to give him a chance to answer the question about dual membership in these ideologically similar Sikh organizations.

Whether photographs of Gill were taken in California or Washington is a minor inconsistency that does not affect Gill's credibility pertaining to his asylum claim. The "inaccuracies" regarding the photographs were merely over whether they were taken in Fremont or Blaine, an inaccuracy easy for anyone to make about his photos.

Gill's inability to identify the signature on the All India Sikh Student Federation letter does not relate to his credibility since there were no allegations pertaining to the letter's authenticity. We disagree

---

** The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

with our dissenting colleague that Gill "recanted" his testimony about his party membership. He just amplified and clarified what he had said in response to questions.[2]

Gill's inability to recall his father's exact age is also a minor issue that does not affect Gill's credibility.

The petition for review is GRANTED and we REMAND for further proceedings.

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent from the majority's conclusion that the Immigration Judge's (IJ) adverse credibility determination was not supported by substantial evidence. I simply cannot agree that the record compels a finding of credibility. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc) (requiring affirmance unless "the evidence not only supports, but compels" reversal citation omitted).

As we have repeatedly held, if any one of the bases for the adverse credibility determination is supported by substantial evidence, the adverse credibility finding must be sustained. *See Chebchoub v. I.N.S.*, 257 F.3d 1038, 1043 (9th Cir.2001). In this case, at least three of the adverse credibility determinations are supported by substantial evidence.

Gill testified that he was a member of the All–India Sikh Students Federation. As proof of his membership, Gill submitted a document that he represented was signed by the Federation's president. When asked whether he knew the president, Gill recanted his testimony that the document was signed by the president and stated that it was signed by the president's secretary. Although it was not important whether the president or his secretary signed the letter, it was important that Gill was not truthful about his purported connection to the president of the Federation.

The majority disagrees on this point. However, there is no denying that Gill previously testified that he *knew* the author of the letter:

Q: You also submitted a letter from the All–India Sikh Student Federation.

A: Yes.

Q: Do you know the author of that letter?

A: It's also sent from the office in Amritsar.

Q: My question was do you *know* who wrote this letter.

A: Herminder Sigh Gill.

. . .

Q: Do you personally know Mr. Gill?

A: Yes.

Q: If I were to call him now and ask him about you, would he recognize your name?

A: It's—since a long time I am here, so I'm not sure about this. (Transcript of Removal Proceeding at 135, 139, November 14, 2002).

If not a recantation, there was at a minimum, a conflict in Gill's testimony that

---

**2.** Q. And it's your testimony that Herminder Singh Gill signed that letter?

A. Yes.

Q. I was under the impression that Mr. Gill is the president of the All–India Sikh Student Federation.

A. Yes.

Q. And he is in addition to that also the propaganda secretary?

A. There like he told his secretary to write this letter.

Q. Well, sir, earlier I asked you who wrote this letter and you said it was Mr. Gill. So Mr. Gill did in fact not write the letter.

A. Like he ordered his secretary to write the letter.

(Transcript of Removal Proceeding at 78–79, November 14, 2002).

would support an adverse credibility determination. *See Pal v. I.N.S.*, 204 F.3d 935, 938 (9th Cir.2000); *see also Chebchoub*, 257 F.3d at 1043.

Gill also testified that he took a photograph with "Mr. Mann," president of Shiromani Akali Dal Mann, who was visiting Fremont, California. The import of this testimony is clear: Gill sought to align himself with a renowned activist to support his claim that he was persecuted due to his similar activities. Accordingly, any discrepancy in the details of this corroborating information would be material. *See Don v. Gonzales*, 476 F.3d 738, 741–42 (9th Cir.2007). Gill testified that he had only taken pictures with Mr. Mann once. When confronted with certain inaccuracies regarding the photographs, Gill presented a witness whose testimony failed to corroborate Gill's testimony. This discrepancy on a material point constitutes substantial evidence supporting the adverse credibility determination.

Finally, Gill was unable to adequately explain inconsistencies in the affidavits submitted by his father and his uncle concerning one of the arrests. Gill's uncle stated that Gill's cousins were members of the Akali Dal Mann, while his father described the cousins as members of the All India Sikh Students Federation, the group to which Gill purportedly belonged. Gill was absolutely silent when asked how often individuals are members of both organizations.

The majority maintains that my reference to Gill's absolute silence is incorrect. The majority seeks to re-characterize the silence as an interruption by the IJ. However, an examination of the transcript reveals that there was no interruption by the IJ. The following exchange occurred:

MR. MAINA TO MR. GILL

Q: As far as you know is it possible for someone to be a member of the Akali Dal Mann and the All–India Sikh Students Federation?

A: Yes, one can be a member of both parties.

Q: Is that a common occurrence as far as you know?

A: I couldn't understand, could you repeat?

Q: Do you know if that happens a lot, where somebody's a member of both organizations?

JUDGE TO MR. GILL

Q: How old is your father?

(Transcript of Removal Proceeding at 94–95, November 14, 2002).

This exchange is easily contrasted with one reflecting an actual interruption:

MR. MAINA TO MR. GILL

Q: Can you tell us what this document is?

A: That, too, is an affidavit.

Q: Okay. This one says—

JUDGE TO MR. GILL

From whom?

JUDGE TO MR. MAINA

Hold on a second.

JUDGE TO MR. GILL

Q: From whom? Whom? Whose affidavit?

(Transcript of Removal Proceeding at 103, August 9, 2001).[1]

The IJ was not required to accept Gill's equivocal explanation of the discrepancies in the affidavits, particularly in view of the other inconsistencies in the record. *See Kaur v. Gonzales*, 418 F.3d 1061, 1062 (9th

---

1. Interruptions are reflected through the use of dashes. *See e.g.* Transcript of Removal Proceeding at 136–37, November 14, 2002.

Cir.2005) (recognizing that discrepancies may support an adverse credibility determination).

Although I may have made a different determination if viewing the evidence as a trier of fact, that is not our standard of review. As I am not compelled to find that Gill was credible, I would deny the petition.