Davinder Singh MANANI, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–76513.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, Davinder Singh Manani, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Laura R. Starling, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Davinder Singh Manani, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial on the basis of an adverse credibility finding and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). We deny the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Manani's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Accordingly, Manani's asylum claim fails.

Manani's asylum application omitted that police beat him because Manani was Sikh and was accused of assaulting a Hindu boy, which was the sole basis of Manani's claim of persecution on account of a protected ground. *See Li*, 378 F.3d at 962. Moreover, Manani's testimony that he was accused of involvement in a fist fight is inconsistent with an order to issue a warrant for his arrest, which states that a co-defendant was accused of violating the Arms Act. *See id.* Therefore, substantial evidence supports the agency's adverse credibility determination. *See Li*, 378 F.3d at 962; *Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000).

Because Manani's CAT claim is based on testimony the agency found not credible, and Manani points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

The record does not compel reversal of the agency's determination that Manani filed a frivolous asylum application because: (1) Manani was given notice of the consequences of filing a frivolous application; (2) the IJ made specific findings that Manani knowingly filed a frivolous application; (3) the IJ's frivolous findings were supported by a preponderance of the evidence; and (4) Manani was given sufficient opportunity to account for the discrepancies in his application, and failed to do so. *See Ahir v. Mukasey*, 527 F.3d 912, 917–19 (9th Cir.2008); *In re Y–L*, 24 I. & N. Dec. 151, 155–162 (BIA 2007).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.