**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAVITA KOMAL; SURUJ PAL, et al., | No. 07-70316 |
| Petitioners, | Agency Nos. A070-059-038 |
| | A070-059-039 |
| v. | A070-059-040 |
| | A071-787-248 |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Kavita Komal and Suruj Pal, wife and husband and their children, natives

and citizens of Fiji, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of

fact, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182, n.4 (9th Cir. 2003), and de novo

questions of law, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and we deny

the petition for review.

The BIA correctly concluded that petitioners failed to establish past

persecution based on the agency's previous credibility finding, which the court

upheld in *Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000). *See Belayneh v. INS,* 213

F.3d 488, 492 (9th Cir. 2000) (issue preclusion applies in immigration

proceedings); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 61 (BIA 1984)

(applying the doctrine of collateral estoppel where the alien was given a full and

fair opportunity to litigate in prior proceedings).

In assessing future fear, the agency applied the disfavored group analysis set

forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004), but concluded that

because petitioners were not credible with respect to their claims of past harm, they

did not demonstrate the requisite individualized risk of persecution. Substantial

evidence supports the agency's finding. *Cf. Sael*, 386 F.3d at 927-29. Further, on

the record, the petitioners failed to establish a pattern or practice of persecution of

Indo-Fijians in Fiji.  *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009).

Because petitioners have not met the standard for asylum, they necessarily cannot meet the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**