**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MARGARIT VOSKANYAN**, | No. 07-70233 |
| Petitioner, | Agency No. A097-361-222 |
| v. | |
| **ERIC H. HOLDER Jr., Attorney General**, | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2011[**]
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **NOONAN** and **SILVERMAN**, Circuit
Judges.

**1.** We don't have jurisdiction to review the purely factual question of

whether Voskanyan filed her application within one year of arriving in the United

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

States.  See 8 U.S.C. § 1158(a)(3).  This is not a case where under "any view of the historical facts," the applicant filed an application within one year of arrival.  Lin v. Holder, 610 F.3d 1093, 1096 (9th Cir. 2010) (per curiam); Khunaverdiants v. Mukasey, 548 F.3d 760, 765 (9th Cir. 2008).

2.  Substantial evidence supports the adverse credibility determination, so we uphold the decision not to withhold removal or grant relief under the Convention Against Torture.  See Chebchoub v. INS, 257 F.3d 1038, 1045 (9th Cir. 2001).  Voskanyan couldn't provide so much as a single address for her alleged year-long stays in Shirak and Moscow, raising doubts as to her credibility.  See Singh-Kaur v. INS, 183 F.3d 1147, 1153 (9th Cir. 1999).  She then failed to produce easily available corroborating evidence of her whereabouts, or give an explanation for her failure to do so.  See Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir. 2000).

Additionally, Voskanyan copied, word-for-word, critical elements of her sister's successful asylum application, which never mentioned Voskanyan's involvement in any whistleblowing activities.  While both sisters described the same whistleblowing operation, they told inconsistent stories and each took personal credit for the key act that supposedly triggered the persecution.  The BIA

therefore had another cogent reason to find Voskanyan not credible—that her account of events was inconsistent with her sister's in a way that went to the heart of her claim.  See Pal v. INS, 204 F.3d 935, 938 (9th Cir. 2000).

**PETITION DENIED.**