**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOVANY ALBERTO REYES; ELVYN ARNOLDO MAZARIEGOS, | No. 07-72561 |
| Petitioners, | Agency Nos. A096-385-765 |
| | A096-385-766 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Yovany Alberto Reyes and Elvyn Arnoldo Mazariegos, natives and citizens

of Guatemala, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.
§ 1252. We review for substantial evidence factual findings, *Singh v. Gonzales,*
439 F.3d 1100, 1105 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that petitioner's late-filed asylum
application is excused by any changed or extraordinary circumstances. *See* 8
C.F.R. §§ 1208(a)(4) (5); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008).
Accordingly, we deny the petition as to their asylum claim.

Substantial evidence supports the agency's adverse credibility determination
because of inconsistencies regarding Reyes' age when his mother was attacked, the
date of the attack, and the date of his mother's resignation letter. The
inconsistencies go to the heart of petitioners' claims. *See Chebchoub v. INS*, 257
F.3d 1038, 1043 (9th Cir. 2001) (sustaining adverse credibility determination
where claims "were implausible in light of the background evidence"); *Pal v. INS*,
204 F.3d 935, 938 (9th Cir. 2000) (sustaining adverse credibility determination
where inconsistencies between testimony and documentary evidence concerned
dates of the alleged incident of persecution). The IJ reasonably rejected Reyes'
explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275
(9th Cir. 2007). In the absence of credible testimony, petitioners' withholding of
removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony found to be not credible, and they point to no other evidence the agency should have considered, substantial evidence also supports the denial of CAT relief. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**