FILED

APR 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSABELLE WANJIRU NGUYAI, | No. 09-71213 |
| Petitioner, | Agency No. A098-525-809 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Rosabelle Wanjiru Nguyai, a native and citizen of Kenya, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The record does not compel the conclusion Nguyai established extraordinary circumstances excusing her late filing. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, we deny the petition as to her asylum claim.

Substantial evidence supports the agency's adverse credibility finding based on inconsistencies between Nguyai's testimony and asylum application regarding whether she went into hiding and moved around to avoid the Mungiki, *see Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000), and based on her failure to provide corroboration, *see Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000) ("if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application"). Accordingly, in the absence of credible testimony, we deny the petition as to Nguyai's withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Nguyai's CAT claim fails because it is based on the same statements that the agency found not credible, and the record does not otherwise compel the

09-71213

finding that it is more likely than not Nguyai would be tortured by or with the

acquiescence of the government if returned to Kenya. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**