**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMARJIT SINGH, | No. 09-73422 |
| Petitioner, | Agency No. A099-779-280 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Amarjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The agency reasonably concluded Singh was inconsistent with regard to where he was held after his first arrest and the location of the 1998 rally. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (inconsistent testimony at two hearings regarding details of abduction); *Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (inconsistencies between testimony and application regarding injuries received during assaults). Further, Singh's explanations for the inconsistencies, including memory failure due to the passage of time and stress due to his daughter's death, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, substantial evidence supports the agency's adverse credibility finding. *See Shrestha*, 590 F.3d at 1048 ("In the totality of circumstances it was a reasonable adverse credibility determination, grounded in the record and based on real problems with Shrestha's testimony, not mere trivialities."). In addition, we reject Singh's contention that the agency improperly disregarded corroborating evidence because the party letter he submitted goes only to his membership, not his political activities, and because the fact that his son was

granted asylum does not, without more, support his own claim. Accordingly, in the absence of credible testimony, we deny the petition as to Singh's asylum and withholding of removal claims.

Substantial evidence also supports the agency's denial of CAT relief because Singh's CAT claim relies on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel a finding it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003). Accordingly, Singh's CAT claim fails.

**PETITION FOR REVIEW DENIED.**