**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BAO TAI NIAN, | No. 07-73643 |
| Petitioner, | Agency No. A074-394-421 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2012
San Francisco, California

Before: FERNANDEZ, GOULD, and BEA, Circuit Judges.

Bao Tai Nian ("Bao"), a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT"). For the reasons discussed in a separate opinion filed

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

concurrently with this memorandum disposition, we have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that Bao was not credible with regard to his claim of persecution on account of his violation of China's one-child policy. There was a ten-year discrepancy between Bao's testimony that he received sterilization notices in 1986 or 1987, and the sterilization notices, dated in 1995 and 1997, which he submitted in evidence. This inconsistency goes to the heart of Bao's pre-REAL ID Act claim. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (sustaining adverse credibility determination based in part on a two-month inconsistency between testimony and documentary evidence concerning date of the alleged incident of persecution).

Substantial evidence also supports the BIA's conclusion that Bao failed to establish a well-founded fear of future persecution at the hands of the criminal alien smugglers, the "snakeheads." Bao did not demonstrate that any persecution from the "snakeheads" would be on account of political opinion or perceived political opinion.[1] *See Soriano v. Holder*, 569 F.3d 1162, 1164–65 (9th Cir. 2009) (holding that petitioner did not establish well-founded fear of persecution on

---

[1] Bao does not claim that any persecution would be on account of his membership in a particular social group.

2

account of political opinion where he presented evidence that gang members would retaliate against him for having served as an informant, but no evidence about political opinion or perceived political opinion; "Personal animosity is not political opinion.").[2]

Because Bao failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding of removal. *Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011). Substantial evidence also supports the BIA's conclusion that Bao failed to meet his burden for relief under the CAT. To qualify for protection under the CAT, Bao must demonstrate that it is more likely than not that he would be tortured if he returned to China. *Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir. 2006). The BIA noted that Bao had not been threatened at all since his 1999 participation in the smuggling prosecution. The letter from the AUSA speaks in generalities about "snakehead" retaliation, and presents no individualized evidence of threat of torture to Bao. Further, Bao presented no evidence that anybody associated with the "snakeheads" harmed or

---

[2]  The BIA did not err in stating that the letter from the Assistant United States Attorney ("AUSA") did not "alter [the] analysis." The applicable regulation clearly states that, absent written authorization from the Commissioner of the Immigration and Naturalization Service ("INS"), the INS shall not be bound by cooperation agreements that government agencies may reach with alien witnesses. *See* 28 C.F.R. § 0.197.

threatened his family. He did not testify that the unknown people who beat up his children around the time he participated in the prosecution were connected with the "snakeheads," and he admitted that nothing had happened to his children since then.[3]

Finally, Bao was not denied due process with respect to any difficulties with interpretation during his asylum hearing. Bao said he was comfortable with Mandarin and specifically stated he did not want a continuance to seek an interpreter who spoke his native dialect.

**PETITION DENIED.**

---

[3] Bao's claims that he faces torture at the hands of the Chinese government also fail. Beyond speculation that the government will torture him for perceived involvement with alien smuggling, Bao does not cite to any evidence supporting such a claim.