**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BHUPINDER SINGH, | No. 09-70872 |
| Petitioner, | Agency No. A094-998-685 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Bhupinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

Substantial evidence supports the adverse credibility determination based on the discrepancy in Singh's testimony regarding whether he had any party membership documents. *See id.* at 1040 (the IJ may rely on "any relevant factor" to determine an applicant's credibility). The agency reasonably rejected Singh's explanation regarding the documents as insufficient. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2008). Substantial evidence also supports the agency's adverse credibility determination based on the inconsistency between Singh's testimony and his statement to the asylum officer regarding when he joined Akali Dal Badl, and the omission from Singh's direct testimony, asylum application, and supporting documents of his claim that the police took documents from his home when they raided it in November 2005. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000); *Shrestha*, 590 F.3d at 1040. Accordingly, Singh's asylum claim fails.

Because Singh failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Singh's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57; *Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**