**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROZEENA BEGUM,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70629<br><br>Agency No. A077-539-901<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 16, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Rozeena Begum petitions for review of the January 31, 2008, order of the

Board of Immigration Appeals which affirmed the decision of the Immigration

Judge denying her applications for asylum, withholding of removal, and relief

under the Convention Against Torture. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The agency's determinations are reviewed under the standard of substantial evidence and must be upheld unless the evidence in the administrative record compels a contrary result. *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006); *see also Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). Because the BIA reviewed the IJ's decision for clear error and referenced illustrative "examples" from the IJ's decision, our review includes the decision of the IJ because it was incorporated by the BIA. *See Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008).

Some of the bases cited to support the adverse credibility determination are questionable under the caselaw that applies in this pre-REAL ID Act case. However, as long as one of the identified grounds underlying an adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept the negative credibility finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

Substantial evidence supported the IJ's adverse credibility determination based on the inconsistency in Begum's statements as to who accompanied her to report the March 1998 rape. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000). In her declaration, Begum stated that her mother accompanied her to report the March 1998 rape. However, Begum testified that her father accompanied her to report the

2

March 1998 rape. That inconsistency was material and went to the heart of her claim. *Id.* The IJ could fairly conclude that the identity of the parent who accompanied Begum to report the rape was not a fact that would likely be forgotten and that the inconsistency called into question whether the rape had actually occurred. The adverse credibility determination, based on this inconsistency, was supported by substantial evidence.

**PETITION DENIED.**

**_Begum v Holder 08-70629_**

Judge MURGUIA dissenting.

I respectfully dissent from my colleagues. I disagree that substantial evidence supports the adverse credibility finding based on the discrepancy as to who escorted Begum to report the March 1998 rape. If discrepancies "cannot be viewed as attempts by the applicant to enhance [her] claims of persecution, [they] have no bearing on her credibility." _Shah v. INS_, 220 F.3d 1062, 1068 (9th Cir. 2000) (second alteration in original). The salient point for Begum's claim of persecution is that she was raped, not who accompanied her to the police station days later. _See Wang v. Ashcroft_, 341 F.3d 1015, 1022 (9th Cir. 2003). Moreover, Begum gave a plausible explanation for this inconsistency, which the IJ mentioned only in passing, failing to suggest any reason she found it not credible. _Guo v. Ashcroft_, 361 F.3d 1194, 1201 (9th Cir. 2004).

In the absence of this inconsistency, I would reverse the IJ's adverse credibility determination. The heart of Begum's claim is fear for her safety in Fiji, after Fijian soldiers repeatedly raped her on account of her political beliefs. Begun's inconsistencies with respect to persecution suffered by her father are incidental to the heart of her claim, and cannot properly support an adverse credibility determination. _Wang_, 341 F.3d at 1021-22. Furthermore, the IJ did not provide specific, cogent reasons for her demeanor finding. _See Arulampalam v._

*Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). Additionally, Begum's description of her attackers was not impermissibly vague, *see Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000), and Begum's credibility is not undermined by her voluntary return to Fiji in 2001 to see her sick father, s*ee Karouni v. Gonzales*, 399 F.3d 1163, 1176 (9th Cir. 2005). Lastly, the IJ incorrectly found Begum not credible for failing to provide evidence of her work for the Fiji Labor Party, despite the fact that evidence located outside the United States is almost never easily obtainable. *See Sidhu v. INS*, 220 F.3d 1085, 1091-92 (9th Cir. 2000).

Accordingly, I would grant the petition for review and remand to the BIA for further proceedings.