MEMORANDUM *
Rozeena Begum petitions for review of the January 31, 2008, order of the Board of Immigration Appeals which affirmed the decision of the Immigration Judge denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition.
The agency’s determinations are reviewed under the standard of substantial evidence and must be upheld unless the evidence in the administrative record compels a contrary result. Almaghzar v. Gonzales, 457 F.3d 915, 920 (9th Cir.2006); see also Gu v. Gonzales, 454 F.3d 1014, 1018 (9th Cir.2006) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Because the BIA reviewed the IJ’s decision for clear error and referenced illustrative “examples” from the IJ’s decision, our review includes the decision of the IJ because it was incorporated by the BIA. See Morgan v. Mukasey, 529 F.3d 1202, 1206 (9th Cir.2008).
Some of the bases cited to support the adverse credibility determination are ques *107 tionable under the caselaw that applies in this pre-REAL ID Act case. However, as long as one of the identified grounds underlying an adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept the negative credibility finding. Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004).
Substantial evidence supported the IJ’s adverse credibility determination based on the inconsistency in Begum’s statements as to who accompanied her to report the March 1998 rape. See Pal v. INS, 204 F.3d 935, 938 (9th Cir.2000). In her declaration, Begum stated that her mother accompanied her to report the March 1998 rape. However, Begum testified that her father accompanied her to report the March 1998 rape. That inconsistency was material and went to the heart of her claim. Id. The IJ could fairly conclude that the identity of the parent who accompanied Begum to report the rape was not a fact that would likely be forgotten and that the inconsistency called into question whether the rape had actually occurred. The adverse credibility determination, based on this inconsistency, was supported by substantial evidence.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.