**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURVIR SINGH, | No. 10-70917 |
| Petitioner, | Agency No. A097-581-499 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Gurvir Singh, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny the petition for review.

Singh contends that he was arrested several times in India and that more recent police interest in him led to his father's death. The agency previously found Singh not credible as to the underlying events he alleged in India. On reopening, the BIA found Singh did not overcome the prior adverse credibility finding and also found Singh not credible regarding his new evidence.

Substantial evidence supports the BIA's determination that Singh failed to overcome the prior adverse credibility finding. *See id.* (adverse credibility findings must be upheld where at least one ground is supported by substantial evidence and goes to heart of claim). Substantial evidence also supports the agency's new adverse credibility finding based on the inconsistency between Singh's testimony and his father's death certificate regarding where his father died. *See Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (inconsistencies between testimony and application regarding timing of harm and injuries sustained went to heart of claim). Further, in light of our conclusions, we reject Singh's contentions that the agency failed to properly evaluate his case. Accordingly, in the absence of credible

2                                                                                                    10-70917

testimony, Singh's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim fails because it is based on the same evidence the agency found not credible, and the record does not otherwise compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**